UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EON SHEPHERD,

                Plaintiff,

-against-

SUPERINTENDENT W. KEYSER; CAPTAIN MAXWELL; OSI S. KEYSER; DEPUTY SUPERINTENDENT J. KROM; K-9-05 DOG; DSS SIPPLE; SGT. TERWILLINGER; FHSD WOLLF; N.A. D. HINTON; C.O. ROSENBERG; JOHN/JANE DOE, ET AL.,

                Defendants.

21-CV-5963 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently incarcerated in Green Haven Correctional Facility, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Shepherd v. Keyser*, ECF 1:21-CV-2363, 3 (S.D.N.Y. May 7, 2021) (detailing Plaintiff's litigation history and listing strikes). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff submitted an IFP application, but he did not submit a prisoner authorization.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff asserts various constitutional claims arising from events that occurred between 2018 and 2020.[2] Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[3] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[4] *Id.*

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff's complaint in this case is identical to the complaint filed in ECF 1:21-CV-2363, 2. In that case, Plaintiff filed a motion for reconsideration (ECF No. 6) and by order dated July 2, 2021, the Court denied Plaintiff's motion, but granted Plaintiff 30 days' leave to tender the $402.00 in filing fees to bring that action. (ECF No. 7.)

[3] If Plaintiff wishes to proceed with these claims, he may do so by paying the filing fees in ECF 1:21-CV-2363, as directed by the Court. The Court reminds Plaintiff that if he does pay the filing fees in ECF 1:21-CV-2363, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:
      New York, New York

                          /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                        Chief United States District Judge